Filed 5/2/13  P. v. Mulvey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>KEITH RUSSELL MULVEY,<br><br>  Defendant and Appellant. | C072274<br><br>(Super. Ct. Nos. 11F3135 & 11F4093) |

Appointed counsel for defendant Keith Russell Mulvey asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende* ).)  Our review of the record discloses that a correction must be made to the abstract of judgment.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

Because the matters were resolved by plea, the facts are taken from the preliminary hearing in case No. 11F3135, and from the probation report summarizing the police report in case No. 11F4093.

Case No. 11F3135

Defendant owed Larry Stewart $40. When Stewart asked defendant about the money, defendant stabbed him in the back. Stewart sustained a puncture wound about three-quarters of an inch wide and an inch deep.

Defendant pleaded no contest to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1] The trial court dismissed enhancement allegations that defendant had a prior strike conviction (§ 1170.12), a prior serious felony conviction (§ 667, subd. (a)(1)), and had served three prior prison terms (§ 667.5, subd. (b)).

The trial court sentenced defendant to the stipulated term of four years in state prison, awarded 72 days of presentence custody credit, and ordered him to pay an $800 restitution fund fine (§ 1202.4), an $800 parole revocation fine suspended unless parole is revoked (§ 1202.45), a $40 court security fee (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373), and a $151 booking fee (Gov. Code, § 29550).[2] Defendant did not obtain a certificate of probable cause.

Case No. 11F4093

Defendant and Jay Wood engaged in a theft scheme at Wal-Mart. They filled separate shopping carts with the same items. Defendant purchased the items in his cart and left the store, dropping the receipt on his way out of the store. Wood picked up the

---

[1] Undesignated statutory references are to the Penal Code.

[2] This fee was imposed orally by the court, but is not reflected in the abstract of judgment.

2

receipt and left the store without paying for the items in his cart. When a Wal-Mart asset protection agent stopped him, Wood gave her the receipt and fled.

The trial court denied defendant's *Marsden*[3] motion. Defendant pleaded no contest to second degree burglary (§ 459) and admitted he had a prior strike conviction (§ 1170.12) and had served one prior prison term (§ 667.5, subd. (b)). Other enhancement allegations were dismissed.

The trial court sentenced defendant to a stipulated term of one year eight months, to run consecutively with the sentence in case No. 11F3135. The trial court ordered him to pay a $200 restitution fund fine (§ 1202.4), a $200 parole revocation fine suspended unless parole is revoked (§ 1202.45), a $40 court security fee (§ 1465.8, subd. (a)(1)), a $30 court facilities assessment (Gov. Code, § 70373) and a $38 local crime prevention fine (§ 1202.5). Because defendant was in custody as a sentenced state prisoner for case No. 11F3135, he was not entitled to presentence credit. Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record discloses a clerical error on the abstract of judgment. The abstract does not reflect the $151 booking fee orally imposed by the trial court in case No. 11F3135. "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered

---

**3** *People v. Marsden* (1970) 2 Cal.3d 118.

correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We will direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting the imposition of the $151 booking fee in case No. 11F3135, and to forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

                                                    MAURO            , J.


We concur:


          ROBIE           , Acting P. J.


          DUARTE          , J.

4